**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JASON M. HOVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17CV77 HEA |
| | ) | |
| CHANTAY GODERT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioner pled guilty to two counts of first-degree statutory sodomy on April 15, 2013. *Missouri v. Hovis,* No. 12JE-CR02316-01 (Jefferson County). On that same day, the court sentenced him to ten years' imprisonment on both counts, with the sentences to run concurrently. Petitioner did not appeal, and he did not file a timely motion for postconviction relief under Rule 24.035.

Prisoner filed his first petition for writ of habeas corpus in this the United States District Court for the Western District of Missouri on October 6, 2015, which is the day he put it in the prison mailbox system. On November 2, 2015, it was transferred to this Court. *See Hovis v.*

1

*Spackler*, No. 4:15-CV-1647 NAB (E.D. Mo.). The Court dismissed the petition as untimely on January 27, 2016. *Id.* at Doc. 7. Petitioner did not appeal this Court's ruling.[1]

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).") (additional internal quotation marks omitted). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

---

[1]Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Petitioner had ten days from the entry of the criminal judgment to file an appeal. Mo. S. Ct. R. 81.04(a). Therefore, the judgment became final on April 25, 2013, and the limitations period expired on April 25, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE